**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X
PAOLO RANUZZI DE BIANCHI AND CRISTINA
DI CARPEGNA,

         PLAINTIFFS,

-v-

PETRÓLEOS DE VENEZUELA, S.A.,

         DEFENDANT.

---------------------------------------------------------------- X

No. 23-CV-10092-LJL

**JOINT STIPULATION OF DISMISSAL WITHOUT PREJUDICE**

WHEREAS Plaintiffs initiated this action (the "Action") by the filing of a Complaint on November 16, 2023 (ECF No. 1);

WHEREAS Plaintiffs contend that they are beneficial owners of notes issued by the Defendant Petróleos de Venezuela, S.A. ("PDVSA") in excess of $1.70 million that have been in default since no earlier than November 2017 and are identified on pages 3 and 4 of the Complaint (ECF No. 1) (such notes, the "Notes," and holders of such notes, "Noteholders") or are persons who otherwise have authority on behalf of Noteholders to initiate this Action to recover interest and/or principal payments due on the Notes;

WHEREAS Plaintiffs are committed to working constructively on the best path to help avoid litigation, with the ultimate goal remaining to ensure the future orderly and equitable process of debt restructuring and payment of notes where appropriate;

WHEREAS in January 2023, the United States Department of State acknowledged the authority of the 2015 National Assembly of the Bolivarian Republic of Venezuela (the "National Assembly") to act on behalf of the Bolivarian Republic of Venezuela (the "Republic") as "the last remaining democratic institution in Venezuela" and regards the National Assembly as the

recognized government of the Republic, including with respect to taking actions including before courts in the United States;

WHEREAS the National Assembly has established and appointed an *ad hoc* administrative board of PDVSA (the "Ad Hoc Board"), and in May 2023, the United States Department of Treasury's Office of Foreign Assets Control promulgated a general license (General License No. 42) "authorizing certain transactions related to the negotiation of certain settlement agreements" with the Nation Assembly and the Ad Hoc Board;

WHEREAS the National Assembly determined that it was in the best interests of the Republic and its citizens to suspend the running of any applicable statutes of limitation with respect to certain bonds validly issued by the Republic so as to avoid expensive and wasteful litigation by bondholders concerned that their claims would be prescribed unless they timely filed suit;

WHEREAS on August 8, 2023, on behalf of the Republic, the National Assembly issued a resolution, signed and published in the Republic's Legislative Gazette on August 11, 2023 extending the statute of limitations applicable to an action on certain bonds validly issued by the Republic until December 31, 2028 (the "Tolling Period"), in accordance with the provisions of the New York General Obligations Law § 17-103 (1), and expressing the Republic's support of any similar declarations and agreements that the Ad Hoc Board might make pursuant to the Ad Hoc Board's autonomous exercise of its authority;

WHEREAS on August 9, 2023, as reflected in the Minutes of the Ordinary Meeting of the Ad Hoc Board published in the Republic's Legislative Gazette on August 11, 2023, the Ad Hoc Board considered and unanimously approved a board resolution tolling the statute of limitations applicable to an action on the Notes during the Tolling Period, in accordance with the provisions

of New York General Obligations Law § 17-103(1) (the "Tolling Resolution") (attached hereto as Exhibit A);

WHEREAS the Tolling Resolution does not include any undertaking by any Noteholders to forebear from commencing litigation during the Tolling Period;

WHEREAS PDVSA has agreed to a special arrangement for this Action only for acceptance of service of the Complaint in this Action through its U.S. counsel Vinson & Elkins LLP—located at 1114 Avenue of the Americas, New York, NY 10036—for the exclusive and limited purpose of filing this Stipulation of Dismissal Without Prejudice (the "Stipulation"); and

IT IS HEREBY STIPULATED by the Parties, by their undersigned counsel, subject to the approval of the Court, as follows:

1. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), this Action shall be dismissed without prejudice, and all pending motions submitted in this Action shall be withdrawn.

2. Any re-filed claims, as to which the applicable statute of limitations has not run as of the date of the Tolling Resolution (August 11, 2023) with respect to the Notes listed in the Complaint, on or before December 31, 2028 ("Re-filed Claims," and any action asserting Re-filed Claims, a "Re-filed Action"), shall be deemed timely filed.

3. PDVSA promises not to plead the statute of limitations as to any Re-Filed Claim asserted in any Re-filed Action, provided such Re-Filed Claim is asserted on or before December 31, 2028 in a Re-Filed Action commenced in this Court or the New York County Supreme Court on or before December 31, 2028.

4. PDVSA expressly reserves the right to assert all applicable rights, privileges, defenses, and immunities in any Re-filed Action, including without limitation as to

service of process, personal jurisdiction, subject-matter jurisdiction, foreign sovereign immunity, standing, authority to sue, liability, damages, or any other right, privilege, defense, or immunity, other than any defense concerning the timeliness of any Re-filed Claim, which is hereby waived.

5. Nothing herein shall constitute a waiver of any right, privilege, defense, or immunity in this Action other than with respect to service of process of the Complaint on PDVSA.

6. Nothing herein shall constitute a concession, acknowledgement, or endorsement by PDVSA of any fact, allegation, contention, or claim in Plaintiffs' Complaint.

7. Each Party in this Action shall bear its own costs. None of the Parties is an infant, incompetent person for whom a committee has been appointed, or conservatee.

8. In the event Plaintiffs file their Re-filed Claims more than fifteen months after the date of this Stipulation, PDVSA promises and agrees pursuant to 28 U.S.C. § 1608(a)(1) to accept service by certified mail for Plaintiffs' Re-filed Claims through Vinson & Elkins LLP (attn.: Camilo Cardozo and Office of the General Counsel), located at 1114 Avenue of the Americas, New York, NY 10036. In the event Plaintiffs file their Re-filed Claims before the fifteen month period from the date of this Stipulation has elapsed, PDVSA will not accept service through Vinson & Elkins LLP by any means. Nothing herein shall constitute a special arrangement of service with respect to claims relating to notes issued by PDVSA and held by noteholders other than Plaintiffs. Nothing herein shall constitute a special arrangement of service with respect to claims relating to notes other than the Notes subject to the Re-filed Claims held by Plaintiffs.

9. This dismissal shall not be counted for purposes of Fed. R. Civ. P. 41(a)(1)(B) or N.Y. CPLR § 3217(c).

10. This Stipulation may be signed in counterparts, and facsimile and electronic signatures shall be deemed as original.

Dated: August 15, 2024
      New York, New York

                                                 L.J.L

| */s/ Rudolph J. DiMassa* | */s/ Camilo Cardozo* |
|---|---|
| Rudolph J. DiMassa<br>Stephanie Lamerce<br>DUANE MORRIS LLP<br>1540 Broadway<br>New York, NY 10036-4086<br>Telephone: (212) 471-1814<br>dtmctaggart@duanemorris.com<br>dimassa@duanemorris.com<br>*Counsel for Plaintiffs* | Camilo Cardozo<br>Dora Georgescu<br>VINSON & ELKINS LLP<br>The Grace Building<br>1114 Avenue of the Americas<br>32nd Floor<br>New York, New York 10036<br>Telephone: (212) 237-0000<br>ccardozo@velaw.com<br>dgeorgescu@velaw.com<br><br>Andreina Escobar<br>VINSON & ELKINS LLP<br>845 Texas Ave, Suite 4700<br>Houston, Texas 77002<br>Telephone: (713) 758-2556<br>aescobar@velaw.com<br><br>*Counsel for Defendant Petróleos de Venezuela, S.A.* |